1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LINDA ROSE EXPOSE,                          No.  2:21-cv-1375 KJM DB PS

12                Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   CHIEF JUDGE KIMBERLY MUELLER,
     et al.
15

16                Defendants.

17

18        Plaintiff Linda Rose Expose is proceeding in this action pro se.  This matter was referred

19   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are plaintiff's amended complaint and application to proceed in forma pauperis.

21   (ECF Nos. 2, 4.)  The amended complaint raises "OBJECTION TO THE JUDGES ORDER" with

22   respect to orders issued in other actions filed by plaintiff in this court.  (Am. Compl. (ECF No. 4)

23   at 1.)

24        The court is required to screen complaints brought by parties proceeding in forma

25   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

26   2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons

27   stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed

28   without further leave to amend.

                                              1

1    **I.      Plaintiff's Application to Proceed In Forma Pauperis**

2              Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15             Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23             To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5        The minimum requirements for a civil complaint in federal court, as explained by Rule 8

6   of the Federal Rules of Civil Procedure ("Rules"), are as follows:

7            A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
8            jurisdiction depends . . . , (2) a short and plain statement of the claim
            showing that the pleader is entitled to relief, and (3) a demand for
9            judgment for the relief the pleader seeks.

10  Fed. R. Civ. P. 8(a).

11  **II.    Plaintiff's Amended Complaint**

12       Plaintiff's amended complaint objects to orders issued by several judges of this court,

13  alleging that "Chief Judge Mueller, Magistrate Judge Peterson, Chief Judge John A. Mendez,

14  Magistrate Judge Allison Claire, Magistrate Judge Kendall J. Newman and District Judge Troy L.

15  Nunley violated the 'administrative Procedures Act . . . when he/she acted in this civil case

16  without legal consent[.]"  (Am. Compl. (ECF No. 4) at 2.)  The amended complaint cites to cases

17  "2:21-cv-1055 KJM JDP, 2:21-cv-1036 JAM AC, 2:21-cv-1035 TLN KJN."  (Id. at 1.)

18       "A complaint 'that merely repeats pending or previously litigated claims'" is subject to

19  dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995)

20  (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative action arising

21  from the same series of events and alleging many of the same facts as an earlier suit" may be

22  dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021.

23       "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the

24  enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of

25  litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007)

26  (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

27  To determine whether a claim is duplicative, courts use the test for claim preclusion.  Adams, 487

28  F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts]

examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

Moreover, judges are generally absolutely immune from civil liability for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)).  A judge will not be deprived of immunity because the action she took "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. at 356.  A judge's jurisdiction is quite broad.  "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (quoting Stump v. Sparkman, 435 U.S. at 362); see also Mireles v. Waco, 502 U.S. 9, 13 (1991) (in determining whether judicial immunity applies, court looks to the "particular act's relation to a general function normally performed by a judge"); Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

In this regard, it is clear that the amended complaint represents a duplicative action attempting to allege civil claims against judges for actions taken in their judicial capacity.

**III.    Further Leave to Amend**

For the reasons stated above, the undersigned finds that plaintiff's amended complaint should be dismissed.  The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile

4

amendments).  In light of the deficiencies noted above and plaintiff's inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 3, 2021 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's September 16, 2021 amended complaint (ECF No. 4) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\expose1375.ifp.den.f&rs

5